UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVELYN ANN DUPREE, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2199 |
| | § | |
| , | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Appellant Evelyn Ann Dupree ("Dupree") appeals from the final order of the United States Bankruptcy Court in the Southern District of Texas ("Bankruptcy Court") issued in Adversary Proceeding No. 10-32995.  Specifically, Dupree appeals the Bankruptcy Court's granting of the lifting of the stay on June 18, 2010, based on a determination that a Texas justice court judgment for eviction, then on de novo appeal to a county court at law,  is a final judgment that can operate as an exception to the automatic stay under Section 362(b)(22) of the Bankruptcy Code, 11 U.S.C. § 362(b)(22).  (Doc. 3.)  Despite the Court's order of March 23, 2011, Appellee Travis Tucker did not respond.  (Docs. 4–5.)  For the reasons that follow, the appeal from Bankruptcy Court's lifting of the stay is MOOT.

I.  Background and Relevant Facts

Travis Tucker ("Tucker") is the owner of the property located at 2735 Skyview Ridge Court in Houston, Texas.  (Doc. 2-56 at 5.)  On October 17, 2008, Dupree and Tucker signed a Contract for Deed by which Dupree intended to purchase the house at 2735 Skyview Ridge Court for $140,000.00.  (Doc. 2-65.)  The purchase was financed by Tucker and the contract specified that Dupree would pay Tucker $1,651.00 per month for thirty years.  Furthermore, should Dupree fail to make the required payments, her status would revert to that of a month-to-

month tenant. (*Id.* at 2.) Dupree last paid rent in October 2009. (Doc. 2-56 at 5.) Tucker sued to evict Dupree and, on March 5, 2010, obtained a judgment for possession from the Harris County Justice of the Peace Court, precinct 7, place 2. (*Id.* at 6.) Dupree then appealed the judgment in forma pauperis to the county court. (*Id.*) On April 7, 2010, while her appeal was pending, Dupree declared bankruptcy under Chapter 13. *In re: Evelyn Ann Dupree*, Bankruptcy Case No. 10-32995-H3-13, Doc. 1. On May 12, 2010, Tucker asked the Bankruptcy Court to lift the automatic stay imposed when Dupree filed for bankruptcy. (Doc. 2-22.) On June 15, 2010, the Bankruptcy Court held a hearing on Tucker's motion to lift the automatic stay. (Doc. 2-56.) On June 16, 2010, U.S. Bankruptcy Judge Letitia Z. Paul granted Tucker's motion to lift the automatic stay pursuant to 11 U.S.C. § 362(b)(22). (Doc. 2-37.) On June 21, 2010, Dupree timely appealed to this Court. (Doc. 1.) On July 21, 2010, Dupree voluntarily converted her bankruptcy to Chapter 7. *In re: Evelyn Ann Dupree*, Bankruptcy Case No. 10-32995-H3-13, Doc. 53. On December 19, 2010, the Bankruptcy Judge signed an order discharging the bankruptcy trustee, cancelling his bond, and closing the bankruptcy case. (*Id.*, Docs. 88–89.)

II.  Standard of Review

The Court exercises jurisdiction over the pending appeal pursuant to 28 U.S.C. § 158(a)(1). An appeal from a bankruptcy court to a district court is "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]" 28 U.S.C. § 158(c)(2). Thus, a district court applies the same standard of review that a circuit court would employ. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir.1989). Specifically, the Court reviews findings of fact by the bankruptcy court under the clearly erroneous standard and reviews issues of law and mixed questions of law and fact de novo. *Universal Seismic Assocs. Inc. v. Harris County*, 288 F.3d 205, 207 (5th Cir. 2002). The question here is one of

2 / 4

law and therefore subject to de novo review.  *U.S. Abatement Corp. v. Mobil Exploration and Producing U.S., Inc.*, 79 F.3d 393, 397–98 (5th Cir. 1996); *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enter., Ltd. III*, 994 F.2d 1160, 1163 (5th Cir. 1993).

## III.  Discussion

Bankruptcy filings generally operate as an automatic stay of judgments against the debtor.  11 U.S.C. § 362(a).  However, filing for bankruptcy does not operate as a stay:

> of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor;

11 U.S.C. § 362(b)(22).

In this appeal, Dupree challenges the Bankruptcy Court's application of this exception to the automatic stay while the debtor was appealing a judgment for possession in favor of the lessor.  Dupree argues that the § 362(b)(22) exception to the automatic stay applies only to preexisting judgments for eviction, not to a judgment from a justice of the peace court pending appeal.  (Doc. 3 at 5–6.)  Because "it is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court[,]" the Court agrees.  *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004); *Mullins v. Coussons*, 745 S.W.2d 50 (Tex. App—Houston [14th Dist.] 1987, no writ); *Poole v. Goode*, 442 S.W.2d 810, 812 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ ref'd, n.r.e.).

## IV.  Conclusion

Accordingly, the Bankruptcy Court's decision lifting the stay in June 2010 was in error. That being said, however, the bankruptcy case is now closed, and the question is MOOT.

SIGNED at Houston, Texas, this 30th day of March, 2011.

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE